**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AJUBA INTERNATIONAL, LLC, AJUBA
SOLUTIONS (INDIA) PRIVATE, LT., and
MIRAMED GLOBAL SERVICES, INC.,

          Plaintiffs,

                                            CASE NO. 2:11-cv-12936

v.

                                            HON. MARIANNE O. BATTANI

DEVENDRA KUMAR SAHARIA, ADROIT
GLOBAL SOLUTIONS INDIA PRIVATE
LTD., ADROIT GLOBAL SOLUTIONS,
INC., and AGS HEALTH, INC.,

          Defendants.

_____/

<u>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**</u>

**I.**     **INTRODUCTION**

       Before the Court is Defendants' Motion to Clarify or Reconsider Part of the Court's July 14, 2014 Opinion and Order. (Doc. No. 236). Defendants request the Court: (1) clarify its ruling regarding whether a genuine dispute of fact exists with respect Defendants' alleged diversion of the McKesson business, MedData business, or both; and (2) reconsider its denial of summary judgment on Count VIII Fraud and Count IX Silent Fraud. For the reasons stated below, the motion is **DENIED**.

**II.**     **STANDARD OF REVIEW**

       The Court will not grant a motion for reconsideration that presents the same issues ruled upon by the Court, either expressly or by reasonable implication. E.D. Mich. L.R. 7.1(h)(3). To obtain the relief requested, the movant must demonstrate: (1) a "palpable defect" by which the court and the parties have been misled and (2) demonstrate that Acorrecting the defect will result in a different disposition of the

case.@  Id.; see also Graham ex rel. Estate of Graham v. County of Washtenaw, 358
F.3d 377, 385 (6th Cir. 2004).  A Apalpable defect@ is a defect which is obvious, clear,
unmistakable, manifest, or plain.  Armstrong v. Eagle Rock Entm't, Inc., 655 F. Supp. 2d
779 (E.D. Mich. 2009).

III.   ANALYSIS

   A.   **Clarification**

   In its Opinion and Order, the Court found that a genuine dispute of fact existed
regarding Plaintiffs' breach of fiduciary duty claims (Counts I & II).  Specifically, it noted
that a reasonable jury could determine that Defendants solicited MedData to move its
business from Ajuba to AGS.  (Doc. No. 233 at 7-8).  Because one genuine dispute of
fact precludes summary judgment on both counts, the Court declined to address
whether Defendants' conduct with respect to the McKesson contract (an alternative
theory of relief under Counts I & II) also survived summary judgment.  In addition, the
Court declined to set forth issues of material fact that are undisputed under Fed. R. Civ.
P. 56(g).  Instead, the Court decided that "it is better to leave open for trial facts and
issues that may better be illuminated by the trial . . . ."  Fed. R. Civ. P. 56 advisory
committee's notes (2010).  Consequently, as Defendants correctly assume in their
motion, the Court "simply declined to address the viability of the McKesson [theory]" and
will not reconsider its decision.

   B.   **Reconsideration of Fraud Counts**

   Counts VIII and IX of Plaintiffs' complaint allege fraud and silent fraud,
respectively.  The Court found that a genuine dispute of fact existed as to both counts
based on Saharia's failure to disclose Mohan's solicitation of MedData.  It further noted

2

that because the fiduciary duty claims requires a similar underlying factual basis as the fraud claims, both counts were best left for a jury to decide.  (Doc. No. 233 at 18).

With respect to Count VIII Fraud, Defendants assert that the Court failed to identify any affirmative representations in the record.  However, the record is replete with statements made by AGS employees that may constitute fraud, especially if they were made at the behest of Saharia by AGS employees.  Plaintiffs allege a conspiracy between Saharia, Mohan, Narasimhan, and several other AGS employees, and the facts of many of the claims are intertwined.  Affirmative misrepresentations may also be uncovered during trial, and the jury may best determine whether they amount to fraud.

With respect to Count IX Silent Fraud, Defendants assert that no "intent to defraud" exists.  However, intent may be inferred from the circumstances.  Here, Saharia allegedly failed to disclose the solicitation of MedData to Ajuba while he was serving as Ajuba's president.  Certainly, a jury could found that Saharia failed to disclose such information because he intended to divert business without Ajuba's knowledge.  In addition, contrary to Defendant's argument, Plaintiffs need not identify the particular time, place, or circumstance where Saharia had an affirmative duty to disclose such actions to Ajuba.  If Ajuba never inquired because it lacked knowledge, no specific time of nondisclosure would exist.

Accordingly, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Date:   September 19, 2014                    s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              United States District Judge

3

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 19, 2014.

s/ Kay Doaks
Case Manager