UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AJUBA INTERNATIONAL, LLC, et al.,

    Plaintiffs,                  CIVIL ACTION NO. 11-cv-12936

    v.                            DISTRICT JUDGE MARIANNE O. BATTANI

SAHARIA, et al.,                 MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

**<u>OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO QUASH [167], NON-PARTIES'MOTION TO QUASH [177], DEFENDANTS' MOTION TO STRIKE [178], DEFENDANTS' MOTION TO COMPEL [186], PLAINTIFFS' MOTION TO COMPEL [194], AND DEFENDANTS' MOTION TO STRIKE [243]</u>**

This matter is before the Court on the following discovery motions: (1) Plaintiffs' Motion to Quash and for Protective Order Regarding Non-Party Subpoena (docket no. 167); (2) Non-Parties' Motion to Quash Plaintiffs' Subpoenas to Google and Yahoo! (docket no. 177); (3) Defendants' Motion to Strike Expert Witness (docket no. 178); (4) Defendants' Motion to Compel Plaintiffs to Respond to Damages Discovery (docket no. 186); (5) Plaintiffs' Fourth Motion to Compel Defendants to Respond to Discovery and For Sanctions (docket no. 194); and (6) Defendants' Motion to Strike Plaintiffs' Expert Report and Preclude Financial Damages Evidence (docket no. 243). The motions have been referred to the undersigned for consideration. (Docket nos. 182, 187, 201, and 245.) The parties have fully briefed the motions; the Court has reviewed the pleadings and

heard the parties' oral arguments in a hearing held on September 22, 2014 at 10:00 a.m.[1] The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

At the hearing, the Court took the parties' arguments regarding Plaintiffs' Motion to Quash and for Protective Order Regarding Non-Party Subpoena (docket no. 167) under advisement. Plaintiff Miramed retained Cain Brothers & Company, LLC, an investment banking and capital advisory firm, as its financial advisor for potential transactions in October 2013. (*Id*. at 7.) Defendants served a subpoena on Cain Brothers on February 24, 2014, commanding it to:

1. Produce all information furnished to you by Ajuba International, LLC, Ajuba Solutions (India) Private, Ltd. and MiraMed Global Services, Inc. (collectively MiraMed) in connection with any contemplated sale of MiraMed, investment, capital raising, and capital restructuring, or other services being performed on MiraMed's behalf ("services");
2. Produce any confidential information memoranda, deal book, and validation estimates prepared by you or others in connection with any services;
3. Produce any letters of intent, term sheets, memorandum of understanding, memorandum or indication of interest, etc. received concerning any services; and
4. Produce any and all communications with potential buyers concerning any contemplated sale of MiraMed.

(Docket no. 167-1.) Plaintiffs filed the instant Motion to Quash and for Protective Order Regarding Non-Party Subpoena on March 6, 2014. (Docket no. 167.) Specifically, Plaintiffs seek an order quashing the Subpoena and a Protective Order forbidding the discovery sought in the Subpoena. (*Id*. at 1-2.) On March 11, 2014, the Court entered a Stipulated Order staying any response to the Cain Brothers subpoena until after a ruling on the instant Motion. (Docket no. 172.) Plaintiffs argue

---

[1] The Court also heard the parties' oral arguments on Plaintiffs' Motion for Sanctions and to Compel (docket no. 164). Because Plaintiffs' Motion for Sanctions seeks default as a discovery sanction, the undersigned took the parties' arguments under advisement and will recommend a disposition to the District Judge in lieu of issuing an Opinion and Order. *See Stevenson v. City of Detroit*, No. 11-14111, 2012 WL 1883282, at n1 (E.D. Mich. Mar. 30, 2012) (Michelson, M.J.)).

that the information sought in the subpoena is highly confidential and is also irrelevant because the damages at issue are lost profits of Ajuba, not Miramed. (Docket no. 265 at 2.) Defendants contend that the subpoenaed information is highly relevant and a reliable source of information to evaluate Plaintiffs' damages calculations, particularly in light of Miramed's position as a Plaintiff in this matter. (*Id*. at 3.)

Federal Rule of Civil Procedure 45 governs subpoenas and provides that the court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires disclosure of privileged or protected material, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research or disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(d)(3)(B). Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Systems Products and Solutions, Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014) (Goldsmith, J.) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970)). Ordinarily, a party does not have standing to quash a subpoena directed to a non-party unless the party claims a privilege, proprietary interest, or personal interest in the information sought by the subpoena. *See U.S. v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006). The party seeking to quash a subpoena bears a heavy burden of proof. *Id.*

Plaintiffs make a general statement that they have a personal or proprietary interest in the information sought in Defendants' subpoena to Cain Brothers, giving Plaintiffs standing to move to quash the subpoena. (Docket no. 167 at 8.) The Court accepts Plaintiffs' assertion with respect to Subpoena Request nos. 1 and 2. However, Plaintiffs make no showing as to how the documents

3

sought in Request nos. 3 and 4 are personal or proprietary. Thus, the Court will deny Plaintiffs' Motion to Quash Subpoena Request nos. 3 and 4 for lack of standing, as Plaintiffs have not and cannot successfully claim a proprietary or personal interest in the communications of non-parties.

With regard to Subpoena Request no. 1, the Court finds that the information sought is burdensome and discoverable from sources other than non-party Cain Brothers; thus, the Court will grant Plaintiffs' Motion to Quash Subpoena Request no. 1. The Court will also grant Plaintiffs' Motion to Quash Subpoena Request no. 2 because it is duplicative of Defendants' Motion to Compel Plaintiffs' response to Defendants' Sixth Request for Production no. 15, which the Court is granting in this Order. Furthermore, there are no circumstances present that warrant a Rule 26(c) protective order at this time. Accordingly, Plaintiffs' Motion to Quash and for Protective Order Regarding Non-Party Subpoena will be granted in part and denied in part.

The Court also took the parties' arguments regarding Defendants' Motion to Compel a response to Defendants' Seventh Request for Production no. 3 under advisement. Defendants' Seventh Request for Production no. 3 seeks "any third party business valuations for Ajuba, Ajuba India, and/or Miramed from 2007 to the present." (Docket no. 186-7 at 5.) The parties' positions for and against production of this information are analogous to their positions regarding the production of the information sought in the Cain Brothers subpoena discussed above. (*See* docket no. 264 at 8-9.) The Court finds that this information is reasonably likely to lead to the discovery of admissible evidence and will order Plaintiffs to produce responsive documents dated from 2007 through 2013. The Court recognizes the confidential and sensitive nature of the documents requested and will order production under the existing Protective Order (docket no. 166) as orally amended at the hearing by the parties to only allow review of the documents by defense counsel Eric

J. Pelton and Keefe A. Brooks. Therefore, the Court will grant Defendants' Motion to Compel a response to Defendants' Seventh Request for Production no. 3.

For the reasons stated herein, and for the reasons stated on the record, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Quash and For Protective Order Regarding Non-Party Subpoena [167] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Plaintiffs' Motion to Quash Subpoena Request nos. 1 and 2 is GRANTED;

    b.    Plaintiffs' Motion to Quash Subpoena Request nos. 3 and 4 is DENIED; and

    c.    Plaintiffs' Motion for a Protective Order is DENIED.

**IT IS FURTHER ORDERED** that Non-Parties' Motion to Quash Plaintiffs' Subpoenas to Google and Yahoo! [177] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    The non-parties' Motion to Quash Plaintiffs' subpoenas to Google and Yahoo! is GRANTED;

    b.    The non-parties' request for a protective order is DENIED; and

    c.    The non-parties' request for fees and costs is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Expert Witness [178] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Plaintiffs to Respond to Damages Discovery [186] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Unresolved Issue 1 - Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 1 as narrowed by Defendants in the Joint Statement of Resolved and Unresolved Issues (docket no. 264) is GRANTED;

    b.    Unresolved Issue 2 - Defendants' Motion to Compel responses to Defendants' Sixth Request for Production nos. 2 through 4 is GRANTED;

    c.    Unresolved Issue 3 - Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 6 is GRANTED, but is limited to Ajuba International's board minutes regarding financial issues for the board meetings from 2011 to the present. The board minutes will be produced under cover of the existing Protective Order (docket no. 166) as orally amended by the parties at the hearing to only allow review of the documents by defense counsel Eric J. Pelton and Keefe A. Brooks. Non-responsive information only may be redacted from the board minutes;

    d.    Unresolved Issue 4 - Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 8 is GRANTED;

    e.    Unresolved Issue 5 - Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 12 is DENIED;

    f.    Unresolved Issue 6 -

        i.    Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 15 is GRANTED;

        ii.    Defendants' Motion to Compel a response to Defendants' Sixth Request for Production no. 16 is DENIED;

        iii.    Defendants' Motion to Compel responses to Defendants' Seventh Request for Production nos. 1 and 2 is GRANTED, but is temporally limited to documents from 2007 through 2013;

        iv.    Defendants' Motion to Compel a response to Defendants' Seventh Request

        for Production no. 3 is GRANTED, but is limited to documents dated from 2007 through 2013. The documents will be produced under cover of the existing Protective Order (docket no. 166) as orally amended by the parties at the hearing to only allow review of the documents by defense counsel Eric J. Pelton and Keefe A. Brooks; and

    v. Defendants' Motion to Compel a response to Defendants' Seventh Request for Production no. 4 was withdrawn by Defendants at the hearing.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourth Motion to Compel Defendants to Respond to Discovery and For Sanctions [194] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Unresolved Issue 1 -

        i. Plaintiffs' Motion to Compel responses to Plaintiffs' First Request for Production nos. 31 through 33 is DENIED;

        ii. Plaintiffs' Motion to Compel a response to Plaintiffs' Fourth Request for Production no. 20 is GRANTED;

    b. Unresolved Issue 2 - Plaintiffs' Motion to Compel responses to Plaintiffs' First Request for Production no. 24 and Fourth Interrogatories no. 1 is DENIED;

    c. Unresolved Issue 3 - Plaintiffs' Motion to Compel a response to Plaintiffs' Fourth Request for Production no. 14 is GRANTED, but is limited to documents dated from November 2010 through 2013;

    d. Unresolved Issue 4 - Plaintiffs withdrew their Motion to Compel a response to Plaintiffs' Fifth Request for Production no. 5 at the hearing;

e. Unresolved Issue 5 - Plaintiffs' Motion to Compel responses to Plaintiffs' Fifth Request for Production nos. 6 and 7 is GRANTED, but is limited to documents through the year 2013;

f. Unresolved Issue 6 - Plaintiffs withdrew their Motion to Compel responses to Plaintiffs' Fifth Request for Production nos. 41 and 42 at the hearing;

g. Unresolved Issue 7 - Plaintiffs withdrew their Motion to Compel a response to Plaintiffs' Fifth Request for Production no. 49 at the hearing;

h. Unresolved Issue 8 - Plaintiffs' Motion to Compel a response to Plaintiffs' Fifth Request for Production no. 52 is DENIED;

i. Unresolved Issue 9 - Plaintiffs' Motion to Compel a response to Plaintiffs' Fifth Request for Production no. 55 GRANTED.  Defendants will designate the metadata of Defendant Saharia's Gmail account as "Attorneys Eyes Only" and produce it under cover of the existing Protective Order (docket no. 166);

j. Unresolved Issue 10 -

   i. Plaintiffs' Motion to Compel responses to Plaintiffs' Fifth Request for Production nos. 12 through 33 is DENIED;

   ii. Plaintiffs' Motion to Compel responses to Plaintiffs' Fifth Request for Production nos. 34 and 35 is DENIED; and

k. Plaintiffs' Motion for Sanctions is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Expert Report and Preclude Financial Damages Evidence [243] is **DENIED.**

The parties will produce any responsive documents as directed above within thirty (30) days of this Order. To the extent that the parties have previously produced any documents responsive to the above requests, the parties will disclose the Bates stamp numbers associated with those documents within thirty (30) days of this Order. Any continuing depositions must be noticed within thirty (30) days and completed within forty-five (45) days of this Order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 25, 2014        s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 25, 2014        s/ Lisa C. Bartlett
                                  Case Manager